# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH H. SCHROEDER II,  )<br>  )<br>     Plaintiff,  )<br>  )<br>vs.         )<br>  )<br>CHEYENNE MANUFACTURING, )<br>  )<br>     Defendants. )<br>  ) | Case No. 19-1130-JWB-KGG |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Joseph H. Schroeder has also filed an Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). After review of Plaintiff's motion, as well as his Complaint, the Court **GRANTS** the IFP application (Doc. 3).

**I. Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a

1

privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 54 and single with no listed dependents. (Doc. 3, sealed, at 1-2.) Plaintiff is currently employed but does not indicate his position. (*Id*., at 2.) He receives a modest monthly wage as well as health benefits. (*Id*.) He does not receive government benefits other than the unemployment benefits he received after his employment with Defendant was terminated. (*Id*., at 4-5.) Plaintiff does not own real property, but owns a

relatively new automobile, with a significant monthly payment. (*Id*., at 3-4.) He lists a no cash on hand. (*Id*., at 4.) Plaintiff lists typical amounts for monthly expenses, including rent, groceries, utilities, and car insurance. (*Id*., at 5.) He also lists significant student loans and "various pay day loans." (*Id*., at 6.)

The Court finds that, based on the information provided, Plaintiff's monthly expenses exceed his monthly income. As such, his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

## II. Sufficiency of Complaint.

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." **Mitchell v. Deseret Health Care Facility**, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar

language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

Plaintiff brings claims resulting from the termination of his employment with Defendant, which is a Kansas corporation.  Plaintiff's Complaint, therefore, lacks a basis for federal court diversity jurisdiction.  Plaintiff contends Defendant "told the state of Kansas Unemployment Office that Plaintiff was terminated for not following a policy that does not exit, [thus] they committed liable in an attempt to cover up the actual reason for his termination, his unwillingness to tolerate a possibly deadly situation." (Doc. 1, at ¶ 3.)  Plaintiff's claim for damages is in the amount of $7,900 with an additional $500 for the filing fee.  Even assuming Plaintiff could establish diversity jurisdiction, this amount is significantly below the amount in controversy threshold for filing in federal court.  Further, Plaintiff does not appear to be raising a federal question.  The Court thus has serious concerns regarding the viability of Plaintiff's claims.

The Court will not, however, engage in further analysis necessary to recommend dismissal to the District Court at this time because Defendant has filed a Motion to Dismiss.  (Doc. 4.)  That motion is currently pending before the District Court, which will address these issues and rule accordingly.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 22nd day of May, 2019.

> S/ KENNETH G. GALE
> KENNETH G. GALE
> United States Magistrate Judge