IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH H. SCHROEDER II,

    Plaintiff,

v.                                                                        No. 19-1130-JWB

CHEYENNE MANUFACTURING,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss for lack of subject matter jurisdiction. (Doc. 4.) Plaintiff has not responded to the motion and the time permitted by rule for doing so has expired. For the reasons stated herein, Defendant's motion (Doc. 4) is GRANTED.

Plaintiff's complaint alleges he was employed with Defendant for six months, but his employment was terminated "for not following a company policy that does not exist." (Doc. 1 at 1.) The complaint alleges Defendant told the State of Kansas Unemployment Office that he was terminated for not following this policy and Defendant thereby committed libel, damaging Plaintiff in the amount of $7,900 in lost unemployment and a $500 fee for filing his complaint.[1] (*Id.*)

Federal courts are courts of limited jurisdiction; they possess only that power authorized by the Constitution and by statute. *Gunn v. Minton,* 568 U.S. 251, 256 (2013.) The complaint fails to allege any basis for this court to exercise subject matter jurisdiction over the dispute. Federal jurisdiction is proper if a dispute is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The complaint does not allege the parties

---

[1] Plaintiff was granted leave to proceed in forma pauperis and so did not have to pay the filing fee. (Doc. 8.)

are citizens of different states. Defendant is a Kansas corporation (Doc. 4 at 1); according to the complaint, Plaintiff is also a Kansas resident. (Doc. 1 at 1.) Nor does the amount in controversy meet the $75,000 threshold, as Plaintiff's claimed damages amount to only $8,400.

Federal jurisdiction is also proper if the complaint alleges a claim arising under federal law. 28 U.S.C. § 1331. The complaint does not allege any facts to state a claim under federal law. The claim of libel, which is the only claim asserted, arises under the law of Kansas, not federal law. *See Dominguez v. Davidson,* 266 Kan. 926, 930, 974 P.2d 112, 117 (1999) (under Kansas law, the tort of defamation includes libel.)

The burden of establishing this court's subject matter jurisdiction is on the party asserting it. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002.) Plaintiff's complaint fails to establish this court's subject matter jurisdiction, and it is apparent from the allegations in the complaint that Plaintiff cannot amend to overcome this deficiency.

IT IS THEREFORE ORDERED this 17th day of July, 2019, that Defendant's motion to dismiss (Doc. 4) is GRANTED. The action is hereby DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

>  \_\_\_\_\_s/ John W. Broomes_____
>  JOHN W. BROOMES
>  UNITED STATES DISTRICT JUDGE